UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN ZIMMER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>　　　　　Defendant. | Case No. 23-cv-01027-AMO<br><br>**ORDER GRANTING MOTION FOR PERMISSIVE JOINDER AND REMAND**<br><br>Re: Dkt. No. 12 |

Before the Court is Plaintiff Helen Zimmer's motion for permissive joinder and remand. ECF 12. The motion is fully briefed and suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b). Having considered the parties' papers, the relevant legal authority, and good cause appearing, the Court GRANTS the motion for the reasons set forth below.

I.　　**BACKGROUND**

This action arises out of Zimmer's March 11, 2021 visit to a Costco warehouse in Antioch, California. ECF 1-3 at 3. Zimmer alleges that she was seriously injured when she "tripped and/or fell due to a piece of rebar that was sticking out of a broken and deteriorating concrete parking block that was not properly marked or delineated." *Id.* On November 14, 2022, Zimmer filed suit in Contra Costa Superior Court, asserting claims for negligence and premises liability against Costco Wholesale Membership, Inc. ECF 1-1. After dismissing Costco Wholesale Membership, Inc. as an incorrectly named defendant, Zimmer filed a first amended complaint on February 8, 2023 against Costco Wholesale Corporation. ECF 1-2; ECF 1-3.

Costco removed the complaint to this Court on March 7, 2023 on the basis of diversity jurisdiction.[1] ECF 1 at 2. On May 4, 2023, Zimmer moved for permissive joinder of Terrell

---

[1] Costco is a citizen of Washington. *See* ECF 2 at 3. Zimmer is a citizen of California. *See* ECF 1-3 at 1. She seeks over one million dollars in damages. *See* ECF 2 at 2 & Ex. D.

Richard,[2] the general manager of the Antioch warehouse at the time of the alleged injury, and to remand the action to state court for lack of diversity jurisdiction. ECF 12. Costco filed its opposition to the motion on May 18, 2023. ECF 14. Zimmer filed her reply on May 25, 2023. ECF 15. On order of the Court, Costco filed a sur-reply on June 19, 2023. ECF 18, 21.

## II. LEGAL STANDARDS

### A. Fraudulent Joinder

A defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction." 28 U.S.C. § 1441(a). Diversity removal "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined. *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914).

"There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). The latter is established when an "individual[ ] joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). However, "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare*, 889 F.3d at 548 (emphasis in original) (quoting *Hunter*, 582 F.3d at 1046). "A defendant is not a fraudulently joined or sham defendant simply because the facts and law may further develop in a way that convinces the plaintiff to drop that defendant." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009). "A defendant invoking

---

[2] Richard is a citizen of California. ECF 12 at 2. Thus, removal is appropriate only if he is fraudulently joined. *See Berryhill v. Costco Wholesale Corp.*, No. 2:23-CV-00315 WBS AC, 2023 WL 3302869, at *2 (E.D. Cal. May 8, 2023).

federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Grancare*, 889 F.3d at 548 (emphasis in original) (quoting *Hunter*, 582 F.3d at 1046). "[T]he court resolves all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042.

**B.     28 U.S.C. § 1447(e)**

Section 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In deciding whether to allow joinder of a non-diverse defendant under Section 1447(e), courts generally consider:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000). In conducting its analysis, "[t]he court need not consider all of these factors." *Carter v. Target Corp.*, No. 21-CV-09428-JCS, 2022 WL 717817, at *3 (N.D. Cal. Mar. 10, 2022). "The language of [Section] 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

**III.    DISCUSSION**

The Court will first address whether Costco has met the heavy burden of establishing fraudulent joinder then turn to the Section 1447(e) analysis.

**A.     Fraudulent Joinder**

Zimmer seeks to join Richard because "the action against him arises from the same transaction and occurrence and common questions of law and fact are common to him and Defendant" and "an analysis of federal law supports that . . . Richard could also be individually liable for both negligence and premises liability" as Costco's agent. ECF 12 at 3, 5.

3

Costco argues that there are two grounds supporting a finding of fraudulent joinder. First, Costco contends that Zimmer committed actual fraud in the pleading of jurisdictional facts. ECF 21 at 1. Second, Costco argues that Zimmer cannot state a claim against Richard. *Id.* at 2-3. The Court addresses each argument in turn.

### *1. Actual Fraud*

In her motion, Zimmer asserts that "[t]he identity of Richard was recently discovered as the manager on duty who filled out the incident report for Defendant detailing [the] fall." ECF 12 at 3, 4, 10. The accompanying declaration of Zimmer's counsel, Hazel Chang, provides, in part:

> 3. An incident report was taken by one of Defendant's managers. However, [Zimmer] could not remember the name of the manager and did not have any information as to his status as a Costco employee.
>
> . . .
>
> 5. The identity of the manager who drafted the incident report regarding [Zimmer's] fall, Terrell Richard, a California resident, and his address for service[,] was [*sic*] not discovered until recently.

ECF 12 at 11-12.

Costco objected to Attorney Chang's declaration on various grounds, including lack of foundation. ECF 14 at 16-18. Zimmer did not address these objections in her reply.[3] In any case, the Court strikes the declaration for failing to comply with Civil Local Rule 7-5(b). Civ. L.R. 7-5(b) ("[a]n affidavit or declaration may contain only facts, must conform as much as possible to the requirements of Fed. R. Civ. P. 56(e), and must avoid conclusions and argument. Any statement made upon information or belief must specify the basis therefor."). Because the Court strikes the declaration on this basis, Costco's objections are overruled as moot.

While the declaration is improper, Costco's cursory argument that its contents support a finding of actual fraud is not convincing. *See de Vida v. Nautilus Ins. Co.*, No. CIV.A. H-10-1078, 2010 WL 2541806, at *5 (S.D. Tex. June 23, 2010) ("Absent any evidence that plaintiff knew or should have known that Atkins was not a citizen of Texas when it filed the state court

---

[3] Zimmer's counsel also submitted a reply declaration, *see* ECF 15 at 16-17, to which Costco raised no objection in its sur-reply, *see* ECF 21.

1    petition that commenced this action, the court has no basis on which to conclude that plaintiff
2    fraudulently alleged that Atkins was a citizen of Texas . . . .) (internal quotations and citation
3    omitted). The argument is particularly unpersuasive because there is no dispute that Richard was
4    the general manager of the Antioch warehouse at the time of Zimmer's fall. *See* ECF 14-2 ¶ 2
5    (declaration from Richard stating he was the manager of the Antioch warehouse from April 2016
6    to December 2021). Accordingly, the Court cannot conclude that Zimmer engaged in actual fraud.

### 2. *Failure to State a Claim*

Without a finding of actual fraud, Costco must show fraudulent joinder by establishing that Zimmer "fails to state a cause of action against" Richard, and that "the failure is obvious according to the settled rules of the state." *See Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016). "[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare*, 889 F.3d at 548.

Under the state law relevant here, "[t]he elements of a negligence claim and a premises liability claim are the same: a legal duty of care, breach of that duty, and proximate cause resulting in injury." *Kesner v. Superior Ct.*, 1 Cal. 5th 1132, 1158 (2016). A premises liability claim requires that the defendant have owned, possessed, or controlled the subject premises. *See Sabetian v. Exxon Mobil Corp.*, 57 Cal. App. 5th 1054, 1071 (2020). "When it comes to property, control is defined as the power to prevent, remedy or guard against the dangerous condition." *Colonial Van & Storage, Inc. v. Super. Ct.*, 76 Cal. App. 5th 487, 497 (2022) (internal quotations and citations omitted).

Costco argues that Zimmer cannot establish the elements of duty or breach by Richard because he was not present on the day of her fall and did not have notice of any damaged parking block prior to Zimmer's fall. ECF 14 at 7, 11; ECF 21 at 2-3.

Courts in this district and elsewhere have rejected this argument. Zimmer cites *Berryhill v. Costco Wholesale Corporation*, a slip-and-fall case in which Costco unsuccessfully argued that the local warehouse manager was fraudulently joined. 2023 WL 3302869, at *3. There, as here,

5

Costco submitted a declaration offered to establish, among other things, that the employee "lacked actual notice of the allegedly dangerous condition and was not present on the premises at the time of plaintiff's injury." *Id.* at *2. The "self-serving declaration" did not provide the "extraordinarily strong evidence" needed to establish fraudulent joinder and would require the court to engage in an improper inquiry into the merits of the plaintiff's case. *Id.* (citations omitted). In the absence of such evidence, or any cited "authority suggesting that plaintiff could not possibly prevail against [the non-diverse employee] on a premises liability claim," the court followed a line of cases allowing such claims to proceed against store managers. *Id.* (collecting cases).

Zimmer cites a second slip-and-fall case—*Nieves v. Costco Wholesale Corporation.* No. 3:22-CV-00977-JD, 2022 WL 5199904 (N.D. Cal. Oct. 5, 2022)—that reached a similar result. There, Costco argued that joinder of an acting general manager was fraudulent because she was on vacation on the day of the alleged injury and lacked control over the store at the time. *Id.* at *3. The court rejected the argument. *Id.* Pointing to specific allegations in the plaintiff's complaint that the local employee "operated and managed the Costco store" during the relevant time, "operated, maintained, and otherwise controlled the premises" and "owed a duty to exercise reasonable care to discovery any unsafe conditions on the premises," the court found it was "not self-evident that the acting general manager of the store would have no control over the premises while on vacation." *Id.* (internal citations omitted). It added:

> On this record, the Court cannot conclude that there is no possibility that Shields may be liable on the claims in the complaint. Costco has not cited a case indicating that California law would categorically foreclose store-manager liability under the circumstances presented here. Consequently, Costco has not met its heavy burden to show that Shields was fraudulently joined as a defendant.

*Id.*

Here, too, Costco cites no case that Richard could not possibly be liable for Zimmer's claims. Absent that, and given Richard's own declaration establishing that he was the general manager of the Antioch warehouse at the time of Zimmer's fall, Costco has not met the heavy burden required for a finding of fraudulent joinder.

//

**B.     28 U.S.C. § 1447(e)**

Without a basis to find fraudulent joinder, the Court now addresses whether joinder is proper under Section 1447(e). The Court begins by analyzing the first three factors together, as Zimmer does not address them in her papers.

The first factor considers "whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a)." *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1011. Costco asserts that Richard is not a necessary party. ECF 14 at 8. Costco contends that Richard is only tangentially related to Zimmer's accident and that Zimmer can obtain complete relief from Costco even if Richard is a party to the case. *Id.*

The second factor is "whether the statute of limitations would preclude an original action against the new defendants in state court." *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1011. Here, Costco argues that "[t]here are no statute of limitations concerns with the joinder of . . . Richard" because any amendment would relate back to the filing of the original complaint under Federal Rule of Civil Procedure 15(c). ECF 14 at 9.

Under the third factor, the Court considers "whether there has been unexplained delay in requesting joinder." *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1011. As to this factor, Costco argues that Zimmer waited more than two years from the time of her fall to identify Richard, and more than six months after the filing of her original complaint to assert claims against him. ECF 14 at 10. It contends such a delay is unreasonable because "[a]ll [Zimmer] or her counsel had to do was call or visit the warehouse and inquire as to who the general manager was in March of 2021 and . . . Richard would have been identified." *Id.*

Zimmer has not addressed these factors, and by failing to do so, she has conceded the above arguments. *See Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 n.7 (N.D. Cal. 2013) (collecting cases holding that the failure to address an argument constitutes waiver or concession of the issue in dispute). Thus, the first three factors weigh in favor of denying joinder.

The fourth factor concerns "whether joinder is intended solely to defeat federal jurisdiction" and the fifth relates to "whether the claims against the new defendant appear valid." *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1011. As to these factors, Costco argues Zimmer's

1  motive is relevant to whether the Court should allow joinder and that Zimmer has no valid claims
2  against Richard. ECF 14 at 10-12. Zimmer counters that "an inquiry into the merits of the [her]
3  claims against all defendants and an analysis of federal law supports the joinder of Richard . . . ."
4  ECF 15 at 14. The Court has already considered and rejected Costco's arguments in connection
5  with the fraudulent joinder analysis set forth above. Applying that analysis here, factors four and
6  five weigh heavily in favor of permitting joinder.

7  Under the sixth factor, the Court considers whether denial of joinder will prejudice
8  Zimmer. *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1011. Costco argues that Zimmer will
9  suffer no prejudice if the Court disallows joinder. ECF 14 at 12. Zimmer, however, contends that
10  she "would be prejudiced should this matter continue in federal court." ECF 15 at 14. She asserts
11  that:

> This is ultimately a state court action. There are no federal claims here or any witnesses that are out-of-state. This matter would be best served in a local state court because these are state court claims. Defendant would not be prejudiced either as discovery has not even begun in this matter and it could continue to litigate this matter in state court.

16  ECF 15 at 14. This argument is not persuasive. Here, neither party will suffer prejudice if the case
17  proceeds before this Court or in state court. The Court thus finds this factor to be neutral.

18  Considering the balance of factors as a whole, joinder is appropriate under Section
19  1447(e). Zimmer has failed to address the first three factors. Thus, the weight given to these
20  factors in favor of removal is only slight. The fourth and fifth factors weigh in favor of removal,
21  and affording these factors great weight is consistent with cases permitting joinder in similar
22  circumstances. *See Berryhill*, 2023 WL 3302869, at *2 ("[C]ourts have specifically allowed a
23  plaintiff to bring . . . premises liability claims against store managers in situations similar to the
24  instant [a]ction.") (collecting cases). The sixth factor being neutral adds nothing to the overall
25  analysis. However, considering "both the strong presumption against removal jurisdiction and the
26  general presumption against fraudulent joinder," *see Hunter*, 582 F.3d at 1046, the Court finds that
27  the balance of the relevant factors in weighs in favor of permitting joinder and remanding this
28  action.

**IV. CONCLUSION**

For the reasons set forth above, Zimmer's motion for joinder is granted. Because joining Richard as a party destroys diversity, this action is remanded to Contra Costa County Superior Court.

**IT IS SO ORDERED.**

Dated: December 22, 2023

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**